UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | NO. 2:21CR98 (JBA) |
|---|---|
| VS. | |
| JEVAUGHN WATSON | FEBRUARY 2, 2022 |

DEFENDANT JEVAUGHN WATSON'
MOTION *IN LIMINE* RE: OTHER NARCOTICS MATTERS

The Defendant Jevaughn Watson moves *in limine* to have the Court preclude the Government from introducing evidence pertaining to drug distribution and other drug evidence for which he was not indicted.

Ordinarily, the Government should be limited to prove only those charges for which the Defendant has been indicted. Where, as here, the type of drug is a critical determinant of the length of a Defendant's sentence, the Government should be required to prove what it alleges. *U.S. vs. Wexler,* 522 F.3rd 194, 209 (2d Cir. 2008).

Federal Rule of Evidence 404(b) permits the use of "[e]vidence of other crimes, wrongs, or acts ... [to prove] motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). Evidence offered under this rule should be analyzed "under an 'inclusionary approach,' and district courts should "allow[] [such] evidence 'for any purpose other than to show a defendant's criminal propensity." *United States v. Lornbardozzi,* 491 F.3d 61, 78 (2d Cir. 2007) (quoting *United States v. Garcia,* 291 F.3d 127, 136 (2d Cir. 2002)). Factors courts should consider when assessing the admissibility of evidence under Rule 404(b) include (1) whether the evidence is offered for a proper purpose within the Rule, (2) whether "the evidence [is] relevant to a

disputed issue; (3) [whether] the probative value of the prior act evidence substantially outweigh[s] the danger of its unfair prejudice;" and (4) whether a limiting instruction would be appropriate. *Id.* (quoting Garcia, 291 F.3d at 136). District courts are granted broad discretion to admit prior bad act evidence, and a decision to admit such evidence will be reversed only if it was "arbitrary and irrational." *Id. at 79.*

At the same time, evidence that is "'inextricably intertwined with the evidence regarding the charged offense, or [that is] necessary to complete the story of the crime on trial'" is not prior bad acts evidence that must be analyzed under Rule 404(b). *United States v. Rigas,* 490 F.3d 208, 238 (2d Cir. 2007) (quoting *United States v. Carboni,* 204 F.3d 39, 44 (2d Cir.2000)). Regardless of Rule 404(b), "'evidence that does not directly establish an element of the offense charged [is admissible] in order to provide background for the events involved in the case.'" *United State v. Inserra,* 34 F.3d 83, 89 (2d Cir. 1994) (quoting *United States v. Skowronski,* 968 F.2d 242, 246 (2d Cir.1992)). "In particular, evidence of other bad acts may provide the jury with the complete story of the crimes charged by demonstrating the context of certain events relevant: to the charged offense." *id.*

The defendant argues that the evidence is inadmissible under Rule 404(b). Alternatively, the defendants argue that this evidence would prolong and unduly complicate an already complex case, and create a trial within a trial concerning the unindicted California drug issues.

The evidence may only be admitted if it satisfies the requirements of Rule 404(b). *United States vs. Nektalov,* 325 F. Supp. 2d 367 at 372 (SDNY 2004) ("Where it is not manifestly clear that the evidence in question is intrinsic proof of the charged crime, the proper course is to proceed under Rule 404(b)."); see *Mahaffy,* 477 F. Supp. 2d at 566 (reaching same conclusion); *United States v. Dolney,* No. 04-CR-159, 2005 WL 2129169, at *2 (E.D.N.Y. Sept. 1, 2005) (analyzing evidence of uncharged stock fraud conspiracy under Rule 404(b) where the evidence

"provide[d] relevant background to the charged conduct but... [was] not so tightly connected to the alleged conspiracy . . . that it clearly represent[ed] intrinsic evidence").

As mentioned above, evidence is admissible under Rule 404(b) if it is "(1) offered for a proper purpose, (2) relevant, and (3) substantially more probative than prejudicial." *Dolney*, 2005 WL 2129169, at *3 (citing United States v. Downing, 297 F.3d 52, 58 (2d Cir. 2002)). The evidence is not admissible if it is irrelevant under Rule 402 or unduly prejudicial under Rule 403. *United States v. Pascarella,* 84 F.3d 61, 69 (2d Cir. 1996).

Rule 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, [or] waste of time." Fed. R. livid. 403. See United States v. *Aboumoussallem,* 726 F.2d 906, 912-13 (2d Cir. 1984) (affirming exclusion of otherwise relevant similar act evidence under Rule 403 on the ground that confusion and delay caused by likely trial within a trial would have substantially outweighed probative value of evidence); see also Ricketts v. City of Hartford, 74 F.3d 1397, 1414 (2d Cir. 1996) (upholding exclusion of prior act evidence because of risk of unnecessary trial within a trial and citing *Aboumoussallem)*.

"As a general matter, all relevant evidence is admissible under the Federal Rules of Evidence unless specifically excluded." *United States v. Perez,* 387 F.3d 201, 209 (2d Cir. 2004) (citing Fed. R. Evid. 402). Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. This standard should be interpreted liberally. *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 587 (1993) ("Rule[] [401's] basic standard of relevance thus is a liberal one."). District courts have broad discretion to assess

whether evidence is relevant. Perez, 387 F.3d at 209. A district court's relevancy determination will not be overturned unless it is arbitrary or irrational. Id. ("District courts have broad discretion to assess the relevancy of evidence and we will not overturn that determination unless it is arbitrary or irrational.").

Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice," among other limited reasons. Fed. R. Evid. 403. For purposes of Rule 403, "'[e]vidence is prejudicial only when it tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence.'" *United States v. Quattrone*, 441 F.3d 153, 186 (2d Cir. 2006) (quoting *United States v. Figueroa*, 618 F.2d 934, 943 (2d Cir.1980)); see *Old Chief v. United States*, 519 U.S. 172, 180 (1.997) ("The term "unfair prejudice," as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged."). Such prejudice "'may be created by the tendency of the evidence to prove some adverse fact not properly in issue or unfairly to excite emotions against the defendant' *Quattrone*, 441 F.3d at 186 (quoting *Figueroa*, 618 F.2d at 943). To justify excluding evidence under the Rule, "the prejudice must be unfair in the sense that it could unduly inflame the passion of the jury, confuse the issues before the jury, or inappropriately lead the jury to convict on the basis of conduct not at issue in the trial." *Id.* Further, any unfair prejudice must substantially outweigh the evidence's probative value. *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 151 (2d Cir. 1997) ("As the terms of the Rule indicate, for relevant evidence to be excluded on this basis, the imbalance must be substantial, and the prejudice must be unfair."). Since the Rule governs the exclusion of relevant, probative evidence, prohibiting the use of evidence on this basis "is an extraordinary remedy that must be used sparingly." *George v. Celotex Corp.*, 914 F2d 26, 31 (2d Cir. 1990) (citation omitted). District

courts analyzing evidence under Rule 403 should consider whether a limiting instruction will reduce the unduly prejudicial effect of the evidence so that it may be admitted.

WHEREFORE, the Defendant moves that the Government be precluded from offering any evidence or testimony relating to any narcotic use or sale by the Defendant except for that charged in the indictment.

> THE DEFENDANT
>
> /s/ *Jonathan J. Einhorn*
>
> JONATHAN J. EINHORN
> 129 WHITNEY AVENUE
> NEW HAVEN, CT 06510
> FEDERAL BAR NO. ct00163
> EINHORNLAWOFFICE@GMAIL.COM

CERTIFICATION

I hereby certify that on this 2nd day of February, 2022, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

> /s/ *Jonathan J. Einhorn*
>
> JONATHAN J. EINHORN