UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

---

UNITED STATES OF AMERICA           NO. 2:21CR98 (JBA)

VS.

JEVAUGHN WATSON                 FEBRUARY 2, 2022

### DEFENDANT JEVAUGHN WATSON'S IN LIMINE OBJECTION TO EXPERT TESTIMONY

The Government may offer expert testimony as to drug distribution. This court has previously addressed a similar issue in *United States v. Reddick*, 284 F.Supp 3d 159 (D. Conn. 2018) and related issues in *United States v. Stanley*, 2016 U.S. Dist LEXIS 167062 (D. Conn., 2016). The defendant has no objection if the "expert" testifies as to shipping and packaging methods and materials and cellphone use. However, the defendant would object if the government discusses the evidence with postal "expert" and seeks an opinion based upon his expertise. His testimony should be general or generic in nature.

The use of such "officer expert" has been prohibited by the Second Circuit in *United States v. Mejia*, 545 F.3d 179, (2d Cir. 2008), 2008 WL 4459289. Such testimony violates the Federal Rules of Evidence and *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354 (2004). In *Mejia*, the Court held that it was error to allow a police officer who was a Task Force member to testify, based upon his experience and expertise, about certain terminology used by defendants. The meaning of the terms contained within the various telephone calls are well within the providence of a jury to understand and this long-standing Government practice is no longer

allowable in this circuit. As noted in *United States v. Mejia*, supra, at 191,

> ...it is a little too convenient that the Government has found an individual who is expert on precisely those facts that the Government must prove to secure a guilty verdict-even more so that when that expert happens to be one of the Government's own investigators.

The Federal Rules of Evidence permit expert testimony on the theory that, in some cases, an "intelligent evaluation of facts" may be "difficult or impossible" without application of "specialized knowledge." Fed. R. Evid. 702, Advisory Committee Note to 1972 Proposed Rules. But expert testimony also carries special dangers. Lay jurors, untrained in the expert's field, may have "difficulty in evaluating" his testimony. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 595 (1993) (internal quotation marks omitted). Indeed, "because experts must have special qualifications to testify, the jury may view the expert as surrounded by an 'aura of infallibility' and simply defer to the expert's judgment." Victor J. Gold, 29 Fed. Practice & Procedure (Evid.) § 6262 (2d ed. 2021).

In view of these dangers, courts carefully police expert testimony. A witness "qualified as an expert" may testify only if each of four requirements is satisfied: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702. An expert's proponent "has the burden to establish each of these admissibility requirements." *In re Pfizer Inc. Sec. Litig.*, 819 F.3d 642, 658 (2d Cir. 2016). And a district court, mindful of the risks associated with expert evidence, must "act[ ] as a gatekeeper to ensure that the expert's testimony both rests

on a reliable foundation and is relevant to the task at hand." Id. (internal quotation marks omitted). "The Second Circuit has made it plain that it strictly enforces the[se] limitations placed by the rules of evidence upon expert opinion testimony." *Kidder, Peabody & Co. v. IAG Int'l Acceptance Grp., N.V.*, 14 F. Supp. 2d 391, 402 (S.D.N.Y. 1998).

Given the wide range of factual circumstances in which expert testimony may be relevant, application of these rules necessarily turns on case-specific considerations. See *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999). But courts have articulated certain principles to guide discretion in evaluating a proffered expert.

First, while expert opinion embracing an "ultimate issue" is not automatically objectionable, Fed. R. Evid. 704(a), a court should exclude expert testimony that "undertakes to tell the jury what result to reach." *United States v. Duncan,* 42 F.3d 97, 101 (2d Cir. 1994). Such testimony "does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's." Id.; see also Fed. R. Evid. 702(a) (expert testimony must "help the trier of fact"). So, for example, an expert may testify generally about industry practice, but may not "blur[ ] the line between testimony regarding industry practice and an opinion on the legality of defendant's conduct." *SLSJ, LLC v. Kleban*, 277 F. Supp. 3d 258, 290 (D. Conn. 2017) (quoting *United States v. Bilzerian*, 926 F.2d 1285, 1295 (2d Cir. 1991)).

Second, an expert may not opine on the content of law: "As a general rule an expert's testimony on issues of law is inadmissible." *Bilzerian*, 926 F.2d at 1294. This principle "requires the exclusion of expert testimony that expresses a legal conclusion or that does so by communicating a legal standard—explicit or implicit—to the jury." *ARMOUR Capital Mgmt. LP v. SS&C Tech., Inc.,* 2020 WL 64297, at *7 (D. Conn. Jan. 5, 2020). Testimony that "usurp[s]

either the role of the trial judge in instructing the jury as to the applicable law" must be excluded. *United States v. Lumpkin*, 192 F.3d 280, 289 (2d Cir. 1999) (quoting *Duncan*, 42 F.3d at 101).

Third, "[i]nferences about the intent or motive of parties or others lie outside the bounds of expert testimony." *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 547 (S.D.N.Y. 2004). Put another way, an expert must "refrain[ ] from opining on the actual state of mind" of other actors. *Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*, 691 F. Supp. 2d 448, 467 (S.D.N.Y. 2010). The question of someone's mental state is "a classic jury question" properly addressed through fact witnesses—not through an expert who tells the jury what to conclude. *In re Rezulin*, 309 F. Supp. 2d at 547 (internal quotation marks omitted); see also *ARMOUR Capital Mgmt.*, 2020 WL 64297, at *8 (precluding expert from testifying about what plaintiff "actually knew, because [expert] is not a fact witness who can testify about what [plaintiff] actually knew").

Fourth, a court should exclude expert testimony that is "speculative," "conjectural," or otherwise unreliable. *Banc of Am. Sec.*, 691 F. Supp. 2d at 462 n. 78 (quoting *Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 311 (2d Cir. 2008)); see also Fed. R. Evid. 702(b)–(d). Proffered testimony may fail this test if, for example, it lacks scientific or other foundation, see *Kumho Tire*, 526 U.S. at 150, or is unsupported or contradicted by the materials on which it purports to rely, see *In re Longtop Fin. Techs. Ltd. Sec. Litig.*, 32 F. Supp. 3d 453, 462 (S.D.N.Y. 2014).

Fifth, "a party may not present an expert to the jury solely for the purpose of constructing a factual narrative based upon record evidence." *Scott v. Chipotle Mexican Grill, Inc.*, 315 F.R.D. 33, 45 (S.D.N.Y. 2016) (internal quotation marks omitted). "It is [ ] inappropriate for experts to act as a vehicle to present a factual narrative of interesting or useful documents for a

case, in effect simply accumulating and putting together one party's 'story.'" *Scentsational Techs., LLC v. Pepsi, Inc.*, No. 13-cr-8645 (KBF), 2018 WL 1889763, at *4 (S.D.N.Y. Apr. 18, 2018). An expert acting as a narrator "does not convey opinions that are based on [the] expert's knowledge and expertise" and risks "invad[ing] the province of the jury." Id.

Finally, in light of the peculiar dangers of expert testimony, Rule 403 plays a "uniquely important rule" in this context. *Nimely v. City of New York*, 414 F.3d 381, 397 (2d Cir. 2005). Expert testimony can be "both powerful and quite misleading because of the difficulty in evaluating it." *Daubert*, 509 U.S. at 595 (internal quotation marks omitted). "Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403 . . . exercises more control over experts than over lay witnesses." Id. (internal quotation marks omitted).

Experts "are not percipient witnesses"; their function is to "provide opinions or information beyond the ken of the layperson." *Scentsational Techs.*, 2018 WL 1889763, at *4. "It is therefore inappropriate for experts to act as a vehicle to present a factual narrative of interesting or useful documents for a case, in effect simply accumulating and putting together one party's 'story.'" Id. An expert who takes the stand to weave a trial narrative based on such materials oversteps his role and intrudes on the jury's basic function—deciding what story the evidence really tells.

THE DEFENDANT

/s/ Jonathan J. Einhorn

JONATHAN J. EINHORN
129 WHITNEY AVENUE
NEW HAVEN, CT. 06510
203-777-3777/Fed Bar ct00163

## CERTIFICATION

I hereby certify that on this 2ND day of February, 2022, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Courts CM/ECF System.

/s/ *Jonathan J. Einhorn*

JONATHAN J. EINHORN