UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>       v.<br><br>TAJH WILEY, *et al.* | Crim. No. 3:21cr98 (JBA)<br><br><br>June 10, 2022 |

**RULING ON DEFENDANTS KENSTON HARRY AND JEVAUGHN WATSON'S MOTIONS FOR ADDITIONAL PEREMPTORY CHALLENGES**

Defendants Jevaughn Watson and Kenston Harry separately move for additional peremptory challenges. (*See* Mots. for Additional Peremptory Challenges [Docs. ## 351, 360].) Defendants justify their requests on the same basis. They argue that they need additional peremptory challenges because each Defendant is charged with performing different conduct that exposes them to disparate potential sentences and they may encounter disagreement as a group as to how to exercise their peremptory challenges. The Government opposes both motions because it argues that Defendants' fears of potential disagreement are speculative. (Gov't Resp. [Doc. # 361] at 3.) However, if the Court does grant Defendants' motions, the Government requests "additional peremptory challenges equal to the total number awarded to the defendants." (*Id.* at 4.)

"While peremptory challenges are commonly used in this country both by the prosecution and by the defense, we have long recognized that the right to challenge peremptorily is not a fundamental right, constitutionally guaranteed." *Swain v. Alabama*, 380 U.S. 202, 243-44 (1965). Federal Rule of Criminal Procedure 24(b) provides the prosecution six and the defense ten peremptory challenges. Fed. R. Crim. P. 24(b)(2). But a court has broad discretion to grant additional challenges. *United States v. Maldonado-Rivera*, 922 F.2d 934, 971 (2d Cir. 1990).

To meet Defendants' concerns, the Court grants Defendants Watson and Harry each one additional peremptory challenge, to be exercised separately. The remaining ten challenges will be to be exercised jointly. *See* Fed. R. Crim. P. 24(b) (a court "may allow the defendants to exercise those challenges separately or jointly"). The government shall also receive two additional peremptory challenges, for a total of eight peremptory challenges. *See United States v. Ferguson*, No. 3:06CR137 (CFD), 2007 WL 1793796, *2 (D. Conn. June 19, 2007) (granting upon request additional peremptory challenges to be used separately to five defendants alleged to have participated in a conspiracy and giving the government a proportional increase).

For the forgoing reasons, Defendant's motions [Docs. ## 351, 360] are GRANTED.

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 10th day of June 2022.