UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:21-cr-98 (JBA) |
| v. | |
| JEVAUGHN WATSON | September 26, 2022 |

**RULING DENYING DEFENDANT'S MOTION FOR MISTRIAL**

Defendant Jevaughn Watson, who was charged and convicted of conspiring to distribute marijuana, moves for a mistrial based on a statement made during closing argument by his co-defendant Tajh Wiley's counsel. Defendant argues that the statement would have been grounds to seek a severance based on irreconcilable defenses, and that he was he was prejudiced by his inability to do so, denying him his constitutional right to a fair trial. (*Id.*) For the reasons set forth below, the motion is denied.

**I.    Factual Background**

Defendant Watson was indicted with co-defendants Tajh Wiley and Kenston Harry (and others) for conspiracy to distribute and to possess with intent to distribute controlled substances. (Superseding Indictment, [Doc. # 179].) Wiley and Harry's trials were severed on a theory of irreconcilable defenses; Defendant and Wiley were tried together in July 2022. (Minute Entry, July 13, 2022 [Doc. # 425].) After closing arguments, Defendant moved for a mistrial based on inconsistent defenses and renewed his request, which had previously been denied, that the multiple conspiracies charge be given to the jury. (July 22, 2022 Trial Tr. [Doc. # 485] at 1271-1280). The Court heard argument on the record, and directed Defendant to submit a written motion, which is now before the Court; it issued a bench ruling denying the request for a multiple conspiracies charge because there was no evidence of more than one conspiracy. (*Id.* at 1305-1306.)

At closing, Wiley conceded participation in a conspiracy with Harry to sell cocaine and marijuana, which Defendant argues would necessarily require the jury to "determine[e] Mr. Watson's membership (or not) in the single charged conspiracy" between Wiley and Harry in the absence of a multiple conspiracies charge. (Def. Watson's Mot. for Mistrial and Mem. in Support [Doc. #441].) Defendant maintains that the jury would necessarily be predisposed to believe Wiley's "confession" due to its self-incriminating nature, which resulted in prejudice to his defense. (*Id.*)

## II. Legal Standard

"The decision to declare a mistrial is left to the sound discretion of the judge, but the power ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes." *Renico v. Lett*, 559 U.S. 766, 774, (2010) (internal quotations and citation omitted). A mistrial is warranted when "taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated." *United States v. Millan*, 817 F. Supp. 1086, 1088 (S.D.N.Y. 1993) (citing *United States v. Peng*, 602 F. Supp. 298, 304 (S.D.N.Y. 1985), *aff'd*, 766 F.2d 82 (2d Cir.1985)). Manifest necessity requires a showing of a "'high degree' of necessity." *United States v. Klein*, 582 F.2d 186, 191 (2d Cir. 1978) (quoting *Arizona v. Washington*, 434 U.S. 497 (1978)).

## III. Discussion

Defendant claims that he had a mutually antagonistic defense with Wiley's that warranted severance, but he had no opportunity to seek a severance before Mr. Wiley's defense became evident during closing arguments. A defense is mutually antagonistic when "accepting one defense requires that the jury must of necessity convict a second defendant." *United States v. Yousef*, 327 F.3d 56 (2d Cir.2003). However, mutually antagonistic defenses are not prejudicial *per se*, and "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the

2

defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). "To demonstrate a due-process violation resulting from the denial of a severance motion, the defendant 'must show that he was so severely prejudiced by the joinder as to have been denied a fair trial.'" *Curet v. Graham*, No. 14CV04831 (VSB) (DF), 2019 WL 13184139, at *38 (S.D.N.Y. Jan. 14, 2019) (quoting *Grant v. Hoke*, 921 F.2d 28, 31 (2d Cir. 1990)).

However, in his closing argument, Wiley's counsel never even referenced Watson while conceding Wiley's membership in the conspiracy. Instead, Wiley's counsel said "the government did prove, we concede, that there was a limited conspiracy with Harry to sell cocaine and marijuana . . . They proved that Mr. Wiley is a drug dealer. They proved a conspiracy to sell drugs with Mr. Harry." (July 21, 2022 Trial Tr. [Doc. # 484] at 1215, 1222.) In his very next sentence, Wiley's counsel then calls into question whether the government proved that the conspiracy encompassed any other members, asking the jury to consider whether "[the government] also prove[d] that there are other conspiracies[1] going on with Mr. Harry and Mr. Wiley and other people." (*Id.* at 1222.) None of these statements is inconsistent with Watson's theory that "the trial itself was mostly about Mr. Wiley and Mr. Harry," and that the conspiracy between the two of them was "the conspiracy the government is talking about in this particular case." (*Id.* at 1227.) The theories are not irreconcilable; a jury could have chosen to believe both Defendant and Wiley, just one, or neither.

As the government points out, the Court protected against jury misuse of Wiley's closing statement as evidence against Defendant with two instructions: first, that "the statements and characterizations of the evidence by the attorneys are not evidence," (July 21, 2022 Tr. at 1110), and second, that:

---

[1] Watson does not rely on Wiley's counsel's use of this phrase as a basis for arguing that a multiple conspiracies charge should have been given. (*See* Watson's Mem. at 2; July 22, 2022 Trial Tr. at 1272)

3

the defendants have been tried together in this trial; however, the evidence as to one defendant may or may not apply to the other defendant and as such, you are to treat the evidence or lack of evidence as to each defendant separately. You must also consider each count separately and return a separate unanimous verdict of not guilty or guilty as to each count and as to each defendant.

(*Id.* at 1113.)

The trial record reflects neither mutually antagonistic defenses nor any prejudice to Defendant Watson by Mr. Wiley's counsel's closing. For the foregoing reasons, Defendant's Motion for a Mistrial [Doc. # 441] is DENIED.

                      IT IS SO ORDERED.

                      /s/
                      Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 26th day of September, 2022.